UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY M. TURNER                                                                                  PLAINTIFF

v.                        Civil No. 6:15-CV-06116-PKH-BAB

POOLE, *et. al.*                                                                              DEFENDANTS

### ORDER

Plaintiff, Corey M. Turner, submitted this pro se action for filing on November 12, 2015. (Doc. 2). Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute.

I.   **BACKGROUND**

Plaintiff filed his complaint on November 12, 2015. (Doc. 2). An order granting IFP was entered on December 18, 2015. (Doc. 6). In this order, Plaintiff was advised his case could be dismissed if he did not keep the Court apprised of his current address. (Doc. 6). On December 31, 2015, Plaintiff notified the Court of his free-world address of 2 Micah Lane #9, Gurdon, Arkansas, 71743. (Doc. 8). This address remains Plaintiff's address of record.

Plaintiff's summary judgment hearing was set for September 21, 2016, in Hot Springs. As Plaintiff was not incarcerated, the Court entered an order on August 1, 2016, directing Plaintiff to indicate if he intended to appear for the hearing, and to provide a phone number for contact purposes. Plaintiff was directed to respond by August 19, 2016. This order was not returned as undeliverable. Plaintiff did not respond.

Because Plaintiff did not respond, the September 21, 2016, hearings were moved to Texarkana at the direction of the Honorable Barry Bryant. The Court Security Officers were

directed to look for Plaintiff if he arrived in Hot Springs. Plaintiff did not appear, and his last communication with the Court occurred on April 25, 2016. (Doc. 12).

## II.   LEGAL STANDARD

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find

that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.   DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV.   CONCLUSION

For these reasons, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 15th day of December, 2016.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE